## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 00-6049-CR-DIMITROULEAS |
| vs. | : | (Magistrate Barry Seltzer) |
| SAMUEL VELEZ, JR., ANTHONY GARILLI, and JOSEPH SALINA | : | |
| Defendant. | : | |

### DEFENDANTS SAMUEL VELEZ, JR.'S AND ANTHONY GARILLI'S JOINT OMNIBUS MOTION FOR CONTINUANCE

**COMES NOW,** Defendants SAMUEL VELEZ, JR. ("Mr. Velez") and ANTHONY GARILLI ("Mr. Garilli") (collectively, the "Defendants"), by and through their undersigned counsel, and hereby move this Honorable Court for a continuance of both the pretrial motions filing deadline, and the trial of this action, on the following showing of good cause:

### I.     RELEVANT PROCEDURAL/DISCOVERY HISTORY

1.     On March 2, 2000, an eight (8) count Indictment (Dkt. # 1) was returned against the Defendants, alleging *inter alia*, that each was a participant in a *Klein* conspiracy to evade both individual and corporate income taxes for the 1993 and 1994 tax years.

2.     On March 20, 2000 and March 28, 2000 respectively, Messrs. Velez and Garilli were arraigned (Dkt. ## 30 and 35). Also on even date, the Court issued its Standing Discovery Orders (Dkt. ## 31 and 37) which required the Government to provide Defendants with certain specified discovery related to both the Government's case-in-chief, as well as the Defendants' defenses.

WPB:112143:1



United States of America v. Velez/Garilli
Case No. 00-6049-CR-DIMITROULEAS
Defendants' Joint Omnibus Motion for Continuance

3.     To date, as will be more fully set forth *infra*, the Government has not produced all of its required discovery pursuant to the Standing Discovery Orders (Dkt. ## 31 and 37). In fact, according to defense counsel's conversation with the Government's attorneys today, the Government will not be producing the most critical information consisting of 15 boxes of documents until late next week at the earliest.

4.     The Government currently maintains approximately seventy (70) boxes of discovery, including an unknown quantity of exhibits that the Government intends to utilize at trial.

5.     On March 20th and March 28th, the Court issued its Order Re: Status Conference, Speedy Trial and Pretrial Matters for Messrs. Velez and Garilli respectively (Dkt. ## 32 and 38), which set a status conference for April 4, 2000 before Chief Magistrate Judge Lurana S. Snow.

6      On March 21st and March 30th, the Court issued its Notice of Trial (Dkt. ## 33 and 39) for Messrs. Velez and Garilli respectively, setting the trial of this action for the two-week calendar commencing April 24, 2000, with a calendar call on April 21, 2000.   In addition, the Notice requires that any motion for continuance be filed by April 14, 2000.

7.     On March 22, 2000, in advance of the scheduled Status Conference, and in a good faith effort to discuss with the Government both the breadth of discovery, and a proposed mechanism for ensuring that Defendants have effective and expeditious review of the discovery, counsel for Mr. Velez held a teleconference with the Government's Mr. Tortella and Ms. Elfry.

8.     During the course of this teleconference, the Government indicated that it had 70 boxes of discovery, and that it believed it had discharged its duty under the Standing Discovery Order by permitting the Defendants to have access to inspect the boxes, without immediately providing Defendants with any: (a) copies; (b) an index of the tens of thousands of pages of

WPB:112143:1                                          2

United States of America v. Velez/Garilli
Case No. 00-6049-CR-DIMITROULEAS
Defendants' Joint Omnibus Motion for Continuance

discovery; nor (c) proposed trial exhibits contemplated by the Government to be used during its case-in-chief.

9.      During this teleconference, defense counsel informed the Government that in another tax prosecution involving a similar amount of discovery also before Chief Magistrate Judge Snow, the Court, with the guidance of the Chief Judge, had ordered that merely providing naked access to the boxes of discovery without providing copies, an index, and notification of which documents were to be used by the Government at trial, was insufficient to comply with the Standing Discovery Order.

10.      Consequently, defense counsel invited the Government to make a proposal prior to the April 4th Status Conference for complying with the Standing Discovery Order which conformed with Chief Magistrate Judge Snow's prior rulings.  The Government did not avail itself of this opportunity to resolve these matters in advance of the Status Conference.

11.      Moreover, pursuant to Messrs. Velez' and Garilli's respective Standing Discovery Orders (Dkt. ## 31 and 37), the Government was required to provide a written response on or before April 3, 2000 and April 10, 2000 respectively.

12.      At the April 4th Status Conference, Chief Magistrate Judge Snow, after hearing argument of counsel concerning the status of discovery and the Government's position that it had fully discharged its obligations pursuant to the Standing Discovery Orders by merely providing the Defendants with access to the 70 boxes, observed that in another pending tax case involving a similar volume of discovery, she required the Government to provide an index, a copy of the discovery, and notice of the proposed trial exhibits, and thus instructed the parties to attempt to work out a proposed resolution of the discovery dispute along these lines prior to a status conference set by the Court the following Tuesday, April 11, 2000.

WPB:112143:1                                3

United States of America v. Velez/Garilli
Case No. 00-6049-CR-DIMITROULEAS
Defendants' Joint Omnibus Motion for Continuance

13.     Chief Magistrate Judge Snow's Status Report (Dkt. # 42) states in relevant part that:

> The prosecutor has agreed to identify which documents
> it intends to introduce in the government's case-in-chief
> at trial, and the parties have been directed to attempt
> to arrive at a mutually agreeable method of inspecting
> and copying the discovery materials.

14.     The Court also noted that the Government's written response to the Standing Discovery Order had not yet been received by the Court, nor a copy provided to defense counsel, in advance of the status conference.

15.     Immediately following the April 4th Status Conference, defense counsel spoke with the Government's Ms. Elfry concerning a possible resolution of the discovery dispute.

16.     Although Ms. Elfry at first indicated that she was unwilling to provide immediate copies of the Government's trial exhibits (even though Chief Magistrate Judge Snow had indicated her intention to order such production), the parties reached an agreement that the Government, within 1 week's time (or April 11, 2000), would provide the Defendants with copies of: (a) all of the Government's proposed exhibits and discovery anticipated to be relied upon by the Government in its case-in-chief, including the actual tax returns which form the basis of the Indictment; (b) a copy of the search warrant; (c) a copy of the search warrant index which the IRS indicated it had prepared following the search; (d) any and all *Brady* material; (e) any and all *Giglio* material; and (f) any audio or video tapes and transcripts thereof, if existing. It was also agreed that the Government would memorialize the parties' agreement on discovery in a letter to defense counsel in advance of the April 11th Status Conference.

United States of America v. Velez/Garilli
Case No. 00-6049-CR-DIMITROULEAS
Defendants' Joint Omnibus Motion for Continuance

17.    On April 6, 2000, the undersigned counsel received the Government's Response to Standing Discovery Order dated March 31, 2000 (Dkt. # 40) (attached as Exhibit "A") which failed to provide a definitive response concerning several categories of mandated disclosure. Instead of providing the required particularized response to many of its obligations, the Government merely stated that the response was contained within the seventy (70) boxes of discovery.

18.    On Friday, April 7, 2000, defense counsel received a voice mail message from the Government's Mr. Tortella that he would be overnight mailing the some of the documents outlined in Paragraph 9 above.  This package, which was ultimately received by defense counsel on Monday, April 10th (the day before the Status Conference), contained less than 500 pages of the 70 boxes of documents obtained by the Government.  A copy of the Government's cover letter enclosing the material is attached hereto as Exhibit "B."  Remarkably, the cover letter does not reflect the parties' agreement reached on April 4th concerning the rest of the outstanding discovery.

19.    On Monday, April 10, 2000, at approximately 4:30 p.m., the undersigned counsel received another fax from Mr. Tortella which presumably set forth the Government's proposal in its entirety concerning the resolution of the discovery issues prior to the Status Conference scheduled for the following day.  Specifically, the Government proposed to supplement the 500 pages of documents sent overnight mail, with providing in "one week" (or by April 17, 2000) a copy of the "materials the Government may use in its case-in-chief."  A copy of the letter is attached hereto as Exhibit "C."  The other agreed-upon commitments made by Ms. Elfry for the Government are absent from Mr. Tortella's letter.

United States of America v. Velez/Garilli
Case No. 00-6049-CR-DIMITROULEAS
Defendants' Joint Omnibus Motion for Continuance

20.    As for the remaining 70 boxes of discovery, the Government, in contravention of Chief Magistrate Judge Snow's recommendations, still takes the position that it has no other discovery obligations other than providing the defense with access to "inspect and copy" "all of the other discovery materials relating to the case." Notwithstanding both Chief Magistrate Judge Snow admonitions, and the parties' agreement reached immediately following the April 4th Status Conference, even at this late date defense counsel has not received from the Government the required index to permit effective and expeditious review of the remaining discovery material.

21.    On April 11, 2000, the parties appeared before Magistrate Judge Seltzer for a Status Conference. Neither the Government's prosecution team of Mr. Tortella and Ms. Elfry, nor the IRS' Special Agent attended the Status Conference, instead relying upon an Assistant United States Attorney unaffiliated and unfamiliar with the case to appear in their stead.

22.    Magistrate Judge Seltzer was informed of the discovery problems including the Government's failure to produce the documents it intended to utilize in its case-in-chief. Magistrate Judge Seltzer's Status Reports (Dkt. ## 45 and 46) reflect the Government's promise to comply with its production of case-in-chief documents by April 18, 2000.

23.    The Status Reports also reflect the Government's obligation to file a Supplemental Response to the Standing Discovery Order by April 18, 2000. However, the Government has indicated during a teleconference with defense counsel on April 14, 2000, that it will likely not be providing the required materials until sometime after April 18th, given the volume of the production.

United States of America v. Velez/Garilli
Case No. 00-6049-CR-DIMITROULEAS
Defendants' Joint Omnibus Motion for Continuance

## II.    NEED FOR CONTINUANCE OF TRIAL

24.    Defendants cannot even realistically commence meaningful review or make specific requests for production of documents contained within 70 boxes of Government discovery until production of the Government's case-in-chief documents, which is now not expected until late next week.  Additionally, defense counsel cannot realistically and effectively satisfy their pretrial preparation, including investigation, interview of witnesses and subpoenaing of witnesses, without the requested continuance of the trial date.

## III.    NEED FOR PRETRIAL MOTIONS' DEADLINE CONTINUANCE

25.    Pursuant to S.D. Fla. L.R. 88.9 and the Court's Standing Discovery Orders, Defendants' pretrial motions are required to be filed within 28 days after their respective arraignments, which, pursuant to Fed. R. Crim. Pr. 45(a), would be Monday, April 17, 2000 for Mr. Velez, and Monday, April 24, 2000 for Mr. Garilli.

26.    Additionally, following at a minimum a cursory review of the discovery upon receipt, Defendants will be preparing motions attacking the Indictment and other pretrial motions.  It would be premature to prepare these motions absent a meaningful records review.

27.    Given the statements made during today's teleconference that the Government is taking the position that it has no remaining discovery obligations, coupled with the Government's lethargic response to both the Standing Discovery Orders and subsequent directives of the magistrate judges, it is expected that the defense will need to file motions to compel discovery.  Therefore, it is not expected that defense counsel will have the opportunity for any meaningful review of the discovery until sometime in late April at the earliest.

28.    Trial of this matter will likely last at least 7 days.

United States of America v. Velez/Garilli
Case No. 00-6049-CR-DIMITROULEAS
Defendants' Joint Omnibus Motion for Continuance

## IV.    DEFENSE COUNSELS' TRIAL CONFLICTS

29.    Moreover, Mr. Velez' counsel is on three conflicting trial dockets as follows: (a) a 4-day specially-set trial to commence May 1st and last approximately 4 days in Miami-Dade County Circuit Court (*State v. Ibanez,* Case No. F980378-02); (b) a 3-week trial scheduled to begin on May 16th in United States District Court, for the Central District of California (*U.S. v. S4,7891.28*); and (c) a specially-set 4-week trial scheduled to begin June 19th (*State v. Florida v. Devito,* Case No. 98-23795).

30.    Similarly, Mr. Garilli's counsel is set for a 1-week trial on May 22nd (*U.S. v. Scarlett),* and a 2-week specially-set trial which begins on June 19th (*U.S. v. Jette).* In addition, counsel also has a prepaid, previously-scheduled family vacation to commence in mid-August 2000.

31.    This motion is being made at this time to limit any inconvenience to the Court and achieve a realistic trial date which protects the interests of all parties.

32.    Given the complexities of this tax fraud case, as evidenced by the volume of discovery, the defense (and presumably the Government) require additional time following the Government's good faith compliance with its discovery obligations imposed both by the Standing Discovery Orders and subsequent orders of the Court, in which to be prepared to try this case. Therefore, given the likely date of resolution of the discovery issues and the Government's full compliance, the defense is respectfully requesting that the trial in this matter be set on or about July 19, 2000.

33.    Further, the Defendants respectfully request that they have until May 15, 2000 to file their respective pretrial motions.

United States of America v. Velez/Garilli
Case No. 00-6049-CR-DIMITROULEAS
Defendants' Joint Omnibus Motion for Continuance

34.    Prior to filing this Joint Omnibus Motion, counsel for Mr. Velez spoke by telephone with the Government's Mr. Tortella, who indicated that the Government had no objection to the relief sought by this motion.

**WHEREFORE**, Defendants Samuel Velez and Anthony Garilli respectfully request, without opposition, that: (a) their Omnibus Motion for continuance be granted; (b) that the trial of this action be set on or about July 19, 2000; (c) that the Defendants have until May 1, 2000 to file their respective pretrial motions; and (d) for such further relief as the Court deems proper.

United States of America v. Velez/Garilli
Case No. 00-6049-CR-DIMITROULEAS
Defendants' Joint Omnibus Motion for Continuance

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished U.S.

mail this 14th day of April, 2000 to: Greg Tortella, Esquire, Department of Justice, Tax

Division – S.C.E.S., P.O. Box 972, Ben Franklin Station Washington, DC 20044.

**Respectfully Submitted,**

**RUDEN, McCLOSKY, SMITH,**
**SCHUSTER & RUSSELL, P.A.**
**200 E. Broward Boulevard**
**Suite 1500 Ft. Lauderdale, FL 33301**
**Tel:    954/764-6660**
**Fax:    954/764-4996**

**222 Lakeview Avenue, Suite 800**
**V.        West Palm Beach, Florida 33401**
**Tel:    561/838-4500**
**Fax:    561/832-3036**

By: _____
       **Marc S. Nurik**
       **Florida Bar No. 272817**
       **Michael S. Popok**
       **Florida Bar No. 44131**

**and,**

**LAW OFFICES OF BRUCE ZIMET, P.A.**
**Counsel for Anthony Garilli**
**1 Financial Plaza**
**Ft. Lauderdale, FL 33394**
**Tel:    954/764-7081**
**Fax:    954/760-4421**

By: _____
       **Bruce A. Zimet**
       **Florida Bar No. 225053**

WPB:112143:1                                          10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6049-CR-DIMITROULEAS
MAGISTRATE JUDGE SNOW

UNITED STATES OF AMERICA,           )
                                    )
          Plaintiff,                )
                                    )
                                    )
v.                                  )
                                    )
SAMUEL VELEZ, JR., and,             )
ANTHONY GARILLI,                    )
                                    )
          Defendants.               )     **GOVERNMENT'S RESPONSE TO**
_____)    **STANDING DISCOVERY ORDER**

     The United States hereby files its response to the Standing
Discovery Order.  This response also complies with Local Rule
88.10 and Federal Rule of Criminal Procedure 16, and is numbered
to correspond with Local Rule 88.10.

     A.   1.   Copies of written or recorded statements of the
               defendants were made available to defense counsel
               for defendant Velez during the week beginning
               March 20, 2000, and to defense counsel for
               defendant Garilli during the week beginning March
               27, 2000.

          2.   The government is unaware of any written record
               containing the substance of any oral statements

APR  6 2000

EXHIBIT "A"

2

made by the defendants before or after arrest in response to interrogation by any person then known to the defendant to be a government agent.

3.  Defendant Velez testified as a records custodian before the grand jury. A copy of his grand jury transcript was made available to defense counsel during the week of March 27, 2000. Defendant Garilli did not testify before the grand jury.

4.  Copies of the FBI arrest record of the defendants, if any exists, will be made available upon receipt by this office.

5.  During the weeks of March 20, 2000, and March 27, 2000, respectively, books, papers, documents, photographs, and tangible objects which the government intends to use as evidence at trial to prove its case-in-chief, or were obtained or belonging to the defendants, were made available to defense counsel of defendant Velez and defense counsel of defendant Garilli.

6.  There were no scientific tests or experiments conducted in connection with this case.

B.  DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as

3

items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.      The government is unaware of any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976). During the weeks of March 20, 2000 and March 27, 2000, all material which might contain such information was made available to defense counsel for defendants Velez and Garilli.

D.      During the weeks of March 20, 2000 and March 27, 2000, respectively, the government made available to defense counsel for defendants Velez and Garilli, any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E.      The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.      Neither defendant was identified in a lineup, show up,

4

photo spread or similar identification proceedings.

G.      The government has advised its agents and officers
involved in this case to preserve all rough notes.

H.      The government will timely advise the defendant of its
intent, if any, to introduce during its case-in-chief
proof of evidence pursuant to Fed. R. Evid. 404(b).
The defendant is hereby on notice that all evidence
made available to them for inspection, as well as all
statements disclosed herein or in any future discovery
letter, may be offered in the trial of this cause,
under Fed. R. Evid. 404(b) or otherwise (including the
inextricably-intertwined doctrine).

I.      Neither defendant is an aggrieved person, as defined
in Title 18, United States Code, Section 2510(11), of
any electronic surveillance.

J.      The government has ordered transcripts of the grand
jury testimony of all witnesses who will testify for
the government at the trial of this cause.

K.      No contraband is involved in this indictment.

L.      No automobile, vessel, or aircraft was involved in the
commission of this offense.

M.      No latent fingerprints or palm prints have been
identified by a government expert as those of the

5

defendants.

N.       The government does not intend to offer any expert
         testimony at the trial of this cause.

O.       The government will make every possible effort in good
         faith to stipulate to all facts or points of law, the
         truth and existence of which is not contested and the
         early resolution of which will expedite trial.   These
         stipulations   will   be   discussed   at   or   after   the
         discovery conference.

P.       At   or   after   the   discovery   conference   scheduled   in
         Section A.5, above, the government will seek written
         stipulations to agreed facts in this case, to be
         signed by the defendant and defense counsel.

     The government is aware of its continuing duty to disclose
such newly discovered additional information required by the
Standing Discovery Order, Rule 16(c) of the Federal Rules of
Criminal Procedure, Brady, Giglio, Napue, and the obligation to
assure a fair trial.

     In addition to the request made above by the government
pursuant to both Section B of the Standing Discovery Order and
Rule 16(b) of the Federal Rules of Criminal Procedure, in
accordance with Rule 12.1 of the Federal Rules of Criminal
Procedure,   the   government   hereby   demands   Notice   of   Alibi

6

defense; the approximate time, date, and place of the offense

was:

       Time/Date:    Between 1993 and October 1995.

       Place:       Broward and Palm Beach County,

                      Florida.

                     Respectfully submitted,

                     THOMAS E. SCOTT
                     UNITED STATES ATTORNEY

By: _____
     BETH M. ELFREY
     Special Attorney
     U.S. Department of Justice
     Florida Bar No. 0964883


     _____
     GREGORY E. TORTELLA
     Special Attorney
     U.S. Department of Justice
     Florida Bar No. A5500373
     P.O. Box 972
     Ben Franklin Station
     Washington, D.C. 20530
     (202) 514-5145
     (202) 514-0961 (Fax)

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 31st day of March, 2000 to:

Mark Nurick, Esq.
Michael Popok, Esq.
Ruden, McClosky, Smith, Schuster & Russell
200 E. Broward Boulevard, 15th Floor
Fort Lauderdale, Florida 33301

Bruce A. Zimet, Esq.
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394

BETH M. ELFREY
Special Attorney
U.S. Department of Justice



**U.S. Department of Justice**

**Tax Division**

_Southern Criminal Enforcement Section_
_P.O. Box 972, Ben Franklin Station_          (202) 514-5145
_Washington, D.C. 20044_                     _Telefax: (202) 514-0961_

5-18-21605
1999229139

April 7, 2000

<u>Sent via Federal Express</u>

Marc Nurick, Esquire
Michael Popok, Esquire
Ruden, McClosky, Smith, Schuster & Russell
222 Lakeview Avenue, Suite 800
West Palm Beach, Florida 33401

> Re:   United States v. Samuel Velez, Jr.
>        <u>Case Number 00-6049-Cr-Dimitrouleas</u>

Dear Messrs. Nurick and Popok:

        As per our telephone conversation with Mr. Popok's secretary earlier today, we are enclosing the following discovery materials:

1.   Various federal tax returns Bates-stamped 000001 through 000049, 000051, 000053, 000054, 000056 through 000123, 000126 through 000179, 000181, 000183, 000185 through 000200, 000202 through 000247;

2.   Motion and Order to Seal Application and Affidavit for Search Warrant Bates-stamped 000248 through 000249;

3.   Search Warrant and Affidavit Bates-stamped 000250 through 000267;

4.   Search warrant inventory index Bates-stamped 000268 through 000277;

5.   Criminal history for Joseph Salina, Samuel Velez, Anthony Garilli Bates-stamped 000274 through 000277;

6.   Grand jury testimony of Samuel Velez, dated January 20, 2000;

7.   Plea agreement with Joseph Salina, dated March 14, 2000; and

8.   Tape recorded conversations dated 6/13/95 and 6/27/95.

**MSP/RECEIVED**

**APR 1 0 2000**

EXHIBIT "B"

In addition, we will notify you when we receive confirmation from the printers regarding the government's case-in-chief materials.

Sincerely yours,

J. RANDOLPH MANEY, JR.
Chief, Southern Criminal Enforcement Section

By: _____
Beth M. Elfrey
Trial Attorney

_____
Gregory E. Tortella
Trial Attorney

Enclosures

2



**U.S. Department of Justice**

**Tax Division**

Southern Criminal Enforcement Section
P.O. Box 972, Ben Franklin Station          (202) 514-5145
Washington, D.C. 20044                      Telefax: (202) 514-0961

5-18-21605
1999229139

April 10, 2000

<u>Via Facsimile</u>

Marc Nurik, Esquire
Michael Popok, Esquire
Ruden, McClosky, Smith, Schuster & Russell
222 Lakeview Avenue, Suite 800
West Palm Beach, Florida 33401

Re:   United States v. Samuel Velez, Jr.
      <u>Case Number 00-6049-Cr-Dimitrouleas</u>

Dear Messrs. Nurik and Popok:

I called Mr. Popok earlier today to find out if you received the discovery materials which were sent to you by Federal Express on Friday, April 7. If you did not receive these materials, please contact me immediately.

Arrangements have been made with Black's copying service in Miami to copy the materials the Government may use in its case-in-chief. I was advised that Black's should have the materials copied within one week. As soon as the documents have been copied, you will be contacted so that you can make arrangements with Black's for payment and delivery. In addition, as previously discussed, all of the discovery materials relating to this case are available for your inspection and copying in Miami. You may contact Special Agent Mark Dunkel at (305) 982-5221 to schedule an appointment if you wish to review these materials.

If you have any questions or if any other issues need to be discussed prior to tomorrow's status conference, please call me at (202) 514-5145.

Sincerely yours,

J. RANDOLPH MANEY, JR.
Chief, Southern Criminal Enforcement Section

By:   *Gregory E. Tortella*
      Gregory E. Tortella
      Trial Attorney

cc: AUSA Kathleen Rice

EXHIBIT "C"