UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6049-CR-DIMITROULEAS/LYNCH

UNITED STATES OF AMERICA,

    **Plaintiff,**

v.

**SAMUEL VELEZ, JR. and
ANTHONY GARILLI,**

    **Defendants.**
_____/



FILED by _____ D.C.

JUN - 1 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.

### ORDER ON DEFENDANTS' VELEZ AND GARILLI
### OMNIBUS PRETRIAL MOTION [D.E. #55]

**THIS CAUSE** having come on to be heard upon the aforementioned motion and this Court having reviewed the motion and the Government's response, makes the following findings.

The motion seeks disclosure of four basic categories:

(a)     The method of proof the Government will rely upon to prosecute the Defendants;

(b)     All reports prepared by any and all agents of the Internal Revenue Service referring or relating to the method of proof;

(c)     A Bill of Particulars; and

(d)     Disclosure by the Government of its intent to rely at trial on certain evidence including privileged material pursuant to Federal Rules of Evidence 501, 404(b), 609(b) and 807.

The Government's response indicates that in April of 2000, the Defendants were furnished copies of all documents in the Government's possession which might be utilized by the Government in its case-in-chief. A detailed index was also furnished to the Defendants. The Government's response indicates that as of the date of their response to this motion, May 18, 2000, that the Defendants had not undertaken any inspection or requested copies of the records in question.

The Government's response also specifically refers to any Jencks material which would otherwise be discoverable by the Defendants should any case agent testify. The Government's response specifically states on page 6 that the Government does not intend to call the case agent to testify at trial in this case and therefore there is no Jencks Act material which it must disclose.

The Government's response on page 8 sets forth that there was a conference with these Defendants' former counsel and counsel for the Tax Division in Washington, D.C. concerning this prosecution. At that conference, the Defendants were informed that the IRS used the specific items method of proof to compute any tax loss in this case. The response also indicates that the Defendants were provided the proposed criminal tax computations based upon the information obtained during the investigation as of the date of the meeting in Washington which is alleged to be September 27, 1999.

This Court has reviewed the Indictment herein and finds that it sufficiently tracks the statutory language and is particular enough in description of the overt acts to enable the Defendants to not only prepare a defense to this case, but also to not be subject to double jeopardy. A Bill of Particulars should only be ordered in an instance where the charging

2

instrument does not sufficiently put the defendants on notice as to what they are charged with. This is not the case here and such request should be denied. See United States v. Reed, 980 F.2d 1568 (11th Cir. 1993) and United States v. Martell, 906 F.2d 555 (11th Cir. 1990).

In respect to the request for the Government to provide its method of proof, this Court believes that the Government's response adequately sets forth not only its method of proof, but also that there was a meeting with counsel for the Defendants specifically advising them as to how the tax computation losses were determined and what method of proof was being used. Therefore, that request should be denied.

The request for any and all reports from the IRS agents involved in this case likewise is not appropriate. If these agents do not testify, the Defendants are not entitled to any Jencks material which would include any written reports made by these individual agents. Aside from that fact, the Defendants are not entitled to wholesale discovery which would include disclosure of IRS agents reports prepared in respect to this case. See United States v. O'Keefe, 825 F.2d 314 (11th Cir. 1987).

In respect to the specific requests for evidence the Government intends to introduce in respect to specific rules of criminal procedure, the Government's response states that it has, as of April 17, 2000, informed each Defendant of what evidence it intends to introduce under Rule 404(b) to prove a pattern of intent or a pattern of conduct. Unless otherwise shown to be an intentional falsehood, that response is sufficient for this Court to deny the request set forth in the Defendants' motion.

In respect to Rule 501, the Government's response states that it is unaware of any claim of privilege which applies to any of the evidence the Government intends to introduce at trial. Therefore, that request should be denied.

In respect to evidence under Rule 609(b), the Government's response specifically states that it does not intend to offer any evidence of a conviction under this rule which is more than ten years old in respect to either of these Defendants. Therefore, that response is sufficient.

In respect to the request for 807 evidence, the response of the Government indicates that it does not intend to rely on the residual hearsay exception under that rule for any evidence it intends to offer at the trial of these Defendants. Therefore, that request should be denied.

The Defendants also requested a list of witnesses, which counsel knows they are not entitled to under the applicable rules and case law. See United States v. Johnson, 713 F.2d 654 (11th Cir. 1983).

This Court has already spoken to the issue of the Bill of Particulars as well as the tax computations and this Court does not believe that the Defendants are entitled to any more evidence or disclosure than has already been provided by the Government through notification of the documents it intends to use, the indictment charging the specific overt acts in this case, the representations made by counsel at the meeting in Washington, D.C., referred to by this Court herein, as well as the responses made by the Government to this motion.

It is therefore

**ORDERED AND ADJUDGED** that the Omnibus Pretrial Motion filed by the Defendants Velez and Garilli is hereby **DENIED**.

**DONE AND ORDERED** this _/sr_ day of June, 2000, at Ft. Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:

Marc S. Nurik, Esq.
200 East Broward Boulevard
Suite 1500
Fort Lauderdale, FL 33301

Bruce A. Zimet, Esq.
One Financial Plaza
Suite 2612
Fort Lauderdale, FL 33394

Gregory E. Tortella, Esq.
Special Attorney
United States Department of Justice
P. O. Box 972
Washington, DC 20044