IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6049-CR-DIMITROULEAS/LYNCH

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| vs. | : |
| SAMUEL VELEZ, JR., | : |
| ANTHONY GARILLI, and | : |
| JOSEPH SALINA | : |
| Defendant. | : |



### DEFENDANTS SAMUEL VELEZ, JR.'S AND ANTHONY GARILLI'S JOINT MOTION TO OBTAIN PRODUCTION OF SECTIONS OF CO-DEFENDANT'S PSI REPORT AND TO OBTAIN CERTAIN RELEVANT PAST BAD ACTS EVIDENCE WITH INCORPORATED MEMORANDUM OF LAW

COMES NOW, Defendants SAMUEL VELEZ, JR. ("VELEZ") and ANTHONY GARILLI ("GARILLI"), by and through their undersigned counsel, and hereby move this Honorable Court for an Order: (a) releasing relevant portions of Co-Defendant Joseph Salina's ("SALINA") presentence investigation report ("PSI"); and (b) compelling the Government produce information regarding SALINA's other crimes and in support states as follows:

### I. INTRODUCTION

On or about March 2, 2000, the Government indicted VELEZ, GARILLI and SALINA, alleging that each was a participant in a "*Klein* conspiracy to evade both individual and corporate income taxes for 1993 and 1994." On or about March 14, 2000, SALINA entered a plea of guilty in this matter.

In its Unopposed Motion for Continuance of Sentence (Dkt. # 57), the Government advised the Court that SALINA was cooperating against VELEZ and GARILLI and would likely appear at trial as a Government witness. Further, the Government has produced, as part of its discovery obligations, the SALINA Plea Agreement (Dkt. # 24).

WPB:114007:2



United States of America v. Velez/Garilli
Case No. 00-6049-CR-DIMITROULEAS
Defendants' Joint Motion to Obtain Production
Of Sections of Co-Defendant's PSI and Other Past
Bad Act Evidence

Pursuant to the SALINA Plea Agreement, SALINA agreed to plead guilty to an indictment charging him with knowingly and willfully conspiring to defraud the United States in violation of 18 U.S.C. § 371. In addition, the United States agreed not to proceed against SALINA "on any other criminal charges currently under investigation by the United States Attorney's Office, the Internal Revenue Service in Federal Grand Jury 95-2 (MIA)." *See* Dkt. #24, Paragraph 2.

In the interest of justice, VELEZ and GARILLI require additional information regarding SALINA's "other criminal charges under investigation" to fully evaluate the benefit that SALINA will receive from cooperating with the Government, and to determine if SALINA's deal with the Government implicates other wrongdoing he may have performed while serving as an accountant for other clients besides VELEZ and GARILLI. In short, VELEZ and GARILLI reasonably believe that information within SALINAS PSI, and in the custody and control of the Government, contains exculpatory information, as well as information that may be used to impeach SALINA at trial.

In a Presentence Investigation Report ("PSI"), the Government typically provides its account of the offense, as well as any related matters, and the defendants typically provides a Statement of Acceptance of Responsibility, wherein they offer their version of the offense and explain any related matters. Upon information and belief, information regarding SALINA's "other criminal charges under investigation" should appear in the SALINA PSI. Specifically, the information relating to SALINA's "other criminal charges" may involve similar acts by SALINA, which may exculpate VELEZ and GARILLI. Consequently, VELEZ and GARILLI

United States of America v. Velez/Garilli
Case No. 00-6049-CR-DIMITROULEAS
Defendants' Joint Motion to Obtain Production
Of Sections of Co-Defendant's PSI and Other Past
Bad Act Evidence

must receive information regarding SALINA's "other crimes under investigation" that is within the custody and control of the Government.

## II.  ARGUMENT

### A.  BRADY AND ITS PROGENY COMPEL RELEASE OF INFORMATION RELATING TO SALINA'S OTHER CRIMES.

Due process requires that the Government disclose to the accused any favorable evidence in its possession which is material to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). "Favorable evidence" includes not only that evidence tending to exculpate the accused, but also any evidence adversely affecting the credibility of the Government's witnesses. *United States v. Bagley*, 473 U.S. 667, 676 (1985). In *Giglio v. United States*, 405 U.S. 150, 155, (1972), the Supreme Court brought within the due process requirements annunciated in *Brady* the right of defendants to secure from the prosecution's disclosure of material affecting the credibility of Government witnesses, such as, but not limited to, plea agreements, promises of leniency by the Government, inducements to testify, and financial assistance offered by the Government. Moreover, the Supreme Court has rejected any distinction between impeachment and exculpatory evidence. *Bagley*, 473 U.S. 667.

Several Circuit Courts of Appeals have explained, "[i]t follows that a defendant ordinarily has a right to exculpatory or impeachment material that is contained in the presentence reports of his co-defendants." *United States v. Jackson*, 978 F.2d 903, 909 (5th Cir. 1993) (collecting cases). In considering a similar issue, the Fifth Circuit Court of Appeals explained, "we did not attempt to contract *Brady* by insulating such presentence reports entirely from discovery if the prosecution does have in its possession . . . a witness' presentence report containing exculpatory material. In such instances, *Brady* might well compel discovery

United States of America v. Velez/Garilli
Case No. 00-6049-CR-DIMITROULEAS
Defendants' Joint Motion to Obtain Production
Of Sections of Co-Defendant's PSI and Other Past
Bad Act Evidence


United States of America v. Velez/Garilli
Case No. 00-6049-CR-DIMITROULEAS
Defendants' Joint Motion to Obtain Production
Of Sections of Co-Defendant's PSI and Other Past
Bad Act Evidence

disclosure of relevant portions of the report." *United States v. Trevino*, 556 F.2d 1265, 1269 fn. 7 (5th Cir. 1977) (limiting its denial of the defendant's request to presentence reports not in the Government's possession.)

More recently, the Fourth Circuit Court of Appeals observed that presentence investigation reports are unique documents that may contain exculpatory information. *See United States v. Trevino*, 89 F.3d 187, 192-193 (4th Cir. 1996). Thus, the Court must strike a balance between fulfillment of the Court's obligation of disclosure to the defendant and the Court's interest in maintaining the privacy of its confidential court documents. To facilitate this balance, the Court should conduct an in-camera review of PSI if the defendant makes a particularized showing of how the information contained in the PSI would be both material and favorable to his defense. *Id.* at 192-93.

*United States v. Beckford*, 962 F. Supp. 780 (E.D. Va. 1997) is instructive. In *Beckford*, the defendant sought the presentence report of an unindicted co-conspirator, whom the Government expected to call as a witness. The unindicted co-conspirator had testified at the defendant's previous trial. In his presentence report, the unindicted co-conspirator had made statements regarding the alleged crimes for which the defendant was being tried. Consequently, the court concluded that "[t]here is no question but that the [unindicted co-conspirator's] PSR constitutes *Brady* material." 962 F. Supp. at 801.

Here, the SALINA Plea Agreement specifically states that the Government will halt its investigation of "other crimes" SALINA may have committed. Because SALINA is an accountant, VELEZ and GARILLI reasonably believe that his PSI likely refers to specific acts by SALINA involving false tax returns and accounting papers on behalf of his other clients.

United States of America v. Velez/Garilli
Case No. 00-6049-CR-DIMITROULEAS
Defendants' Joint Motion to Obtain Production
Of Sections of Co-Defendant's PSI and Other Past
Bad Act Evidence

This information would likely appear in the Government's version of the Offense Conduct. Moreover, SALINA may have addressed issues regarding this case, as well as "other crimes," in his Statement of Acceptance of Responsibility.

This information is directly relevant to VELEZ' and GARILLI's defense that they did not direct SALINA's actions. Further, this information is relevant for impeachment purposes, as well as assessing the credibility of SALINA. At the very least, the Government must provide more details concerning the nature of the other crimes that were under investigation, so that the jury may determine the value to be gained by SALINA's testimony against VELEZ and GARILLI. This particularized showing confirms that the PSI is material and favorable to the defense of VELEZ and GARILLI. Consequently, this Court should release relevant portions of the PSI to VELEZ and GARILLI, or at a minimum, review the PSI in camera and promptly release any relevant material to VELEZ and GARILLI.

Lastly, the Government must be compelled to promptly release any other information it may possess regarding "other criminal acts" that SALINA may have committed for the reasons stated above. Without such information, VELEZ and GARILLI are being denied potentially exculpatory information and cannot accurately assess the benefit of SALINA's cooperation with the Government.

### B.  RULE 404(B), FEDERAL RULES OF EVIDENCE COMPELS THE RELEASE OF INFORMATION RELATING TO SALINA'S OTHER CRIMES.

Federal Rules of Evidence 404(b) ("Rule 404(b)") provides, in relevant part:

> (b)  <u>Other Crimes, Wrongs, or Acts.</u> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive,

United States of America v. Velez/Garilli
Case No. 00-6049-CR-DIMITROULEAS
Defendants' Joint Motion to Obtain Production
Of Sections of Co-Defendant's PSI and Other Past
Bad Act Evidence

>opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Accordingly, such evidence is admissible under certain circumstances. "Evidence of criminal activity other than the charged offense is not extrinsic under Rule 404(b) if it is (1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." *United States v. Ramsdale*, 61 F.3d 825, 829 (11th Cir. 1995). *See also United States v. Chavez*, 204 F.3d 1305, 1316 (11th Cir. 2000). Here, the information within SALINA's PSI or the information of SALINA's prior criminal acts within the Government's custody and control is not extrinsic under Rule 404(b). Accordingly, if such information is contained within the PSI or within the custody and control of the Government, it must be released to VELEZ and GARILLI.

In *United States v. Cohen*, 888 F.2d 770 (11th Cir. 1989), the Eleventh Circuit considered an issue similar to the one posed here. There, the defense sought to show that the Government's witness, a co-defendant, was capable of establishing and operating the fraudulent scheme without the aid of the other defendants. The Eleventh Circuit held that such evidence of prior acts should have been admitted pursuant to Rule 404(b), because such information was relevant to the issue of the defendants' guilt. *Id.* at 775-77. *See also United States v. Garcia*, 880 F.2d 1277, 1278 (11th Cir. 1989)(evidence of prior forgery demonstrated an ability to prepare false documents and was relevant to charge of making a false statement).

Moreover, the "other crimes" that SALINA committed may relate to his advice given to, or work performed on behalf of, other clients. As explained in *United States v. Williford*, 764 F.2d 1491, 1493 (11th Cir. 1985), such information would also be admissible pursuant to Rule

United States of America v. Velez/Garilli
Case No. 00-6049-CR-DIMITROULEAS
Defendants' Joint Motion to Obtain Production
Of Sections of Co-Defendant's PSI and Other Past
Bad Act Evidence

404(b). "Evidence not part of the crime charged but pertaining to the chain of events explaining the context, motive and the set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete this story of the crime for the jury." *Id.* at 1491.

The SALINA Plea Agreement halted the Government's investigation of "other criminal acts" committed by SALINA. Upon information and belief, these "other crimes" could reasonably involve similar acts, *i.e.* the falsification of corporate books and records and accounting work papers, as alleged in the Indictment. Further, the "other crimes" could involve SALINA's wrongful actions on behalf of his other clients. Based on the foregoing, the Government has within its custody and control, either in its files or within the SALINA PSI, information that is material to the defense of VELEZ and GARILLI, which must be disclosed.

### C. RULE 608(B), FEDERAL RULES OF EVIDENCE COMPELS THE RELEASE OF INFORMATION RELATING TO SALINA'S OTHER CRIMES.

Federal Rules of Evidence 608(b) ("Rule 608(b)") states, in pertinent part:

> (b) Specific Instances of Conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the Court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

"Where impeachment is concerned, Rule 608(b) provides that the trial court may in its discretion permit questioning about a witness' prior bad acts on cross examination, if the acts bear on the witness' character for truthfulness. If the witness denies the conduct, such acts may not be

United States of America v. Velez/Garilli
Case No. 00-6049-CR-DIMITROULEAS
Defendants' Joint Motion to Obtain Production
Of Sections of Co-Defendant's PSI and Other Past
Bad Act Evidence

proved by extrinsic evidence and the questioning party must take the witness' answer, [citations omitted], <u>unless the evidence would be otherwise admissible as bearing on a material issue of the case</u>." *United States v. Matthews*, 168 F.3d 1234, 1244 (11th Cir. 1999) (emphasis added), *citing United States v. Calle*, 822 F.2d 1016, 1022 (11th Cir. 1987).

Here, the information contained in SALINA's PSI or the information within the Government's custody and control, does have a bearing on the material issues of this case. "Rule 608(b) should not stand as a bar to the admission of evidence introduced to contradict, and which the jury might find disproves, a witness' testimony as to a material issue of the case." *Calle*, 822 F.2d at 1021, citing *United States v. Opager*, 589 F.2d 799, 801-03 (5th Cir. 1979).

Further, information in either the Government's custody and control or the PSI regarding SALINA's "other crimes," would clearly relate to prior bad acts for the purpose of cross-examining SALINA. Moreover, this information also has substantial bearing on the material issues in this case. Specifically, did VELEZ direct SALINA to falsify company books and records? Accordingly, this Court must compel the Government to release the SALINA PSI, as well as any information it may have regarding SALINA's "other criminal conduct."

## III. CONCLUSION

Based on the foregoing, Defendants VELEZ and GARILLI respectfully request that this Court release exculpatory awls impeaching portions of the SALINA PSI, or, in the alternative, conduct an in-camera review of the SALINA PSI and release material portions of that document, and disclose information within the Government's custody and control relating to SALINA's other crimes in accordance with *Brady, Giglio* and the Federal Rules of Evidence.

United States of America v. Velez/Garilli
Case No 00-6049-CR-DIMITROULEAS
Defendants' Joint Motion to Obtain Production
Of Sections of Co-Defendant's PSI and Other Past
Bad Act Evidence

**WHEREFORE**, Defendants Samuel Velez and Anthony Garilli respectfully request that:

(a) their Joint Motion be granted; and (b) for such further relief as the Court deems proper.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via fax and U.S. mail this 23rd day of June, 2000 to: Greg Tortella, Esquire, Department of Justice, Tax Division – S.C.E.S., P.O. Box 972, Ben Franklin Station Washington, DC 20044.

**Respectfully Submitted,**

**RUDEN, McCLOSKY, SMITH,
SCHUSTER & RUSSELL, P.A.**
200 E. Broward Boulevard
Suite 1500 Ft. Lauderdale, FL 33301
Tel: 954/764-6660
Fax: 954/764-4996

By: _____
Marc S. Nurik
Florida Bar No. 272817
Michael S. Popok
Florida Bar No. 44131

and,

**LAW OFFICES OF BRUCE ZIMET, P.A.**
Counsel for Anthony Garilli
1 Financial Plaza
Ft. Lauderdale, FL 33394
Tel: 954/764-7081
Fax: 954/760-4421

By: _____ for B. Zimet
Bruce A. Zimet
Florida Bar No. 225053