UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6049-CR-DIMITROULEAS

MAGISTRATE JUDGE: SNOW

UNITED STATES OF AMERICA,

    Plaintiff

vs.

SAMUEL VELEZ, JR.,
ANTHONY GARILLI, and
JOSEPH SALINA,

    Defendants.
_____/

## MOTION REQUESTING CLARIFICATIONS OF CONDITIONS OF PROBATION

Defendant, ANTHONY GARILLI, by and through undersigned counsel, hereby files this Motion Requesting Clarification of Conditions of Probation. As grounds, Garilli states the following:

1. Anthony Garilli was placed on three years probation on September 15, 2000 by this Court.

2. The Court placed several special conditions of probation on Garilli's sentence.

3. That following sentencing, Garilli appeared at the Probation Office for his "probation intake".

4. That the Probation Office attempted to conform Garilli's employment responsibilities to his probation conditions.

5. That the probation office contacted undersigned counsel and informed him that some "tweaking" was required to facilitate Garilli's employment within the scope



of the sentence.

6. The primary difficulties arise due to Garilli's employment in which he travels to locations outside of this District in which Gold's Gyms are being established. Each gym involves a series of trips of multiple weeks. The start up process for each gym lasts between an aggregate of four to six months.

7. Probation has certain travel restrictions which can be amended with Court order. Garilli proposes that he be permitted to travel on employment related matters so long as the probation office is informed of the travel prior to departure and maintains a copy of Garilli's itinerary. Garilli's next travel is scheduled for October 1, 2000.

8. The Court ordered that Garilli be evaluated for drug/alcohol purposes. Garilli has no objection to said evaluation, however Garilli has been informed that **anyone** so evaluated will be required to remain in the District for one year following said evaluation no matter what the evaluation results conclude.

9. That as an alternative to said procedure Garilli would suggest that random drug testing be substituted for the drug evaluation and treatment. Garilli proposes this alternative with an eye to the fact that any drug issue in Garilli's past related to the use of marijuana approximately ten (10) years ago.

10. That undersigned counsel has spoken with Probation Officer Jennifer Speer who will most likely by Mr. Garilli's probation officer. Undersigned is convinced that Ms. Speer is anxious to facilitate a reasonable incorporation of Mr. Garilli's employment with the probation sentence.

11. That none of the proposed amendments to Garilli's probation defeat the purpose

or objectives of his probation.

WHEREFORE, Anthony Garilli requests that this Motion for Clarification be granted and that Garilli be permitted employment travel and random drug testing as set forth in this application.

Respectfully submitted,

BRUCE A. ZIMET, P.A.
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394
(954) 764-7081 (Fort Lauderdale)
(305) 948-3648 (Miami)
(954) 760-4421 (Fax)

BY: _____
BRUCE A. ZIMET, ESQ.
Florida Bar No. 225053

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was mailed this __15th__ day of September 2000 to: United States Attorney's Office, 500 Broward Boulevard, 7th Floor, Fort Lauderdale, Florida 33301, Gregory E. Tortella, Special Attorney, U.S. Department of Justice, Tax Division, 950 Pennsylvania Avenue, N.W., Room 4744, Washington, D.C. 20530 and Jennifer Speer, U.S. Probation Office, 299 East Broward Boulevard, 4th Floor, Fort Lauderdale, Florida 33301.

_____
BRUCE A. ZIMET, ESQ.