UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6049-CR-DIMITROULEAS

MAGISTRATE JUDGE: SELTZER

UNITED STATES OF AMERICA,

    Plaintiff

vs.

ANTHONY GARILLI,

    Defendants.

_____/

## UNOPPOSED MOTION TO AMEND PROBATION STATUS TO "NON REPORTING PROBATION"

Defendant, ANTHONY GARILLI, by and through undersigned counsel, hereby files this Unopposed Motion to Amend Probation Status to "Non Reporting Probation". As grounds, Garilli states the following:

1. Anthony Garilli was placed on three years probation on September 15, 2000 by this Court. Garilli has successfully completed ten months of that probation.

2. Garilli was required to complete 50 hours of community service during his probation. Garilli has completed those hours.

3. Garilli was required to pay a fine of $1,000.00. Garilli has paid that fine, as well as his $50.00 assessment.

4. Garilli was required to resolve his civil tax liability with the IRS. Garilli has already paid the IRS $16,460.00 (Exhibit "A"). Mr. Garilli is awaiting direction from the IRS concerning his remaining liability (Exhibit "B").

5. Garilli's sentencing process described his work with Gold Gym in developing



      new gyms across the United States. That work requires Garilli to travel to locations for several months and work at the new gym.

6. For instance, Garilli has been working in Los Angeles setting up the New Downtown Gold Gym since approximately November, 2000. He is now scheduled to travel to Maryland and develop the Towson Maryland Gold Gym.

7. Since Garilli is out of the Southern District of Florida for extended periods of time, it is difficult for the Probation Office in the Southern District of Florida to supervise him. However, since Garilli is not in any location for more than several months (six or seven months at the most), it is not feasible to transfer Garilli's probation to another District.

8. On July 6, 2001, Mr. Garilli met with his probation officer, Lawrence Martin in Ft. Lauderdale. Mr. Martin with concurrence of Mr. Martin's supervisor recommended that Mr. Garilli submit the instant application to the Court.

9. Mr. Martin (769-5518) spoke with undersigned counsel on July 9, 2001 and affirmed the request to petition the Court to amend Mr. Garilli's probation status to "Non Reporting Probation". Mr. Martin also recommended that Mr. Garilli be ordered to notify the Probation Office in the Southern District of Florida immediately when Mr. Garilli returns on each trip to the Southern District of Florida and appear at the Probation Office as directed.

10. On July 10, 2001 Undersigned has spoken with Department of Justice Tax Attorney, Greg Tortella concerning the instant Motion. Mr. Torella has no objection to the application.

WHEREFORE, Anthony Garilli requests that this Unopposed Motion to Amend

Probation Status to "Non Reporting Probation" be granted.

Respectfully submitted,

BRUCE A. ZIMET, P.A.
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394
(954) 764-7081 (Fort Lauderdale)
(305) 948-3648 (Miami)
(954) 760-4421 (Fax)

BY: _____
BRUCE A. ZIMET, ESQ.
Florida Bar No. 225053

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was mailed this 12 day of July, 2001 to: United States Attorney's Office, 500 Broward Boulevard, 7th Floor, Fort Lauderdale, Florida 33301, Gregory E. Tortella, Special Attorney, U.S. Department of Justice, Tax Division, 950 Pennsylvania Avenue, N.W., Room 4744, Washington, D.C. 20530 and Lawrence Martin, U.S. Probation Office, 299 East Broward Boulevard, 4th Floor, Fort Lauderdale, Florida 33301.

_____
BRUCE A. ZIMET, ESQ.

```
                                    9545644233      TO:9547604421
```

**UNION BANK**  
Where Your Business Is Big Business  
0670

BRANCH 12

4791597244

REMITTER: ANTHONY GARILLI  
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

DATE: February 28, 01       89-35/519

PAY TO THE ORDER OF: U.S. TREASURY DEPT        $ ***16,460.09*

Sixteen thousand Four hundred Sixty 09/100 ****  DOLLARS

Form 1040  1994

**CASHIER'S CHECK**

PAYABLE THRU  
ONE VALLEY BANK, N.A  
CHARLESTON, WV

⑇051900353⑇:00479⑇ 1597244 2⑇

_Janus Kelsey_ (signature)

EXHIBIT A

**London Witte & Company, P.A.**

Certified Public Accountants

3101 N. Federal Highway
Suite 700
Ft. Lauderdale, FL 33306
954-566-4400
Fax 954-564-4233
email: mail@lwco.com

July 10, 2001

Law Offices of Bruce A. Zimet
Bruce A. Zimet
One Financial Plaza
Suite 2612
Fort Lauderdale, FL 33394
Facsimile (954) 760-4421

RE: Anthony Garilli and Back-to-Back Enterprises, Inc. Tax Returns for 1993 and 1994

Dear Mr. Zimet:

This letter is in response to your inquiry as to the progress Mr. Garilli is making in complying with the Court's plea agreement in connection with his 1993 and 1994 tax liabilities. As of this date, amended tax returns for the tax years ending December 31, 1994 and 1993 have been filed for Back-to-Back Enterprises of Florida, Inc. (Form 1120S) and Anthony Garilli (Form 1040). Our firm has met with Ralph McCutchen, the Internal Revenue Service's Agent in charge of Mr. Garilli's case, to discuss various matters surrounding the amended returns such as the calculations of additional taxes, penalties, interest and payments. Mr. Garilli has satisfied his obligation of additional taxes and interest associated with the 1994 amended tax return in the amount of $16,460.09 ($10,339 taxes and $6,121.09 interest). Please find copy of the check attached.

Currently, Mr. Garilli is waiting for an assessment of taxes and interest on the 1993 amended tax return that was misplaced by the Internal Revenue Service. Mr. McCutchen requested a second filing of the amended return because his records indicated that a return was received but the tax return figures were not recorded in the their system. Mr. McCutchen will be providing Mr. Garilli with a calculation of any remaining balances due for 1993 and/or 1994.

If you should have any other questions concerning the progress of Mr. Garilli's tax compliance in accordance with his plea agreement, please contact us immediately.

Sincerely,

Martin J. Kurtz, CPA



EXHIBIT B